## M. J. FARRAR *v.* THE STATE.

## JOHN PRIOR *v.* THE STATE.

1. CONTINUANCE. — When all the requirements of the statute have been com-plied with, a first continuance is a matter of right.

2. PRACTICE IN THIS COURT. — The attorney-general suggests that the records in these cases do not show that the attachments issued for the defendant's witnesses were based upon proper affidavits. In the absence of anything showing the contrary, this court will presume the clerk acted upon proper authority, and will not inquire into the proceedings behind the attachments.

Appeals from the District Court of Austin.   Tried below before the Hon. L. W. Moore.

The defendants were separately indicted and tried as principals in the commission of the same offence.   Both were convicted, and the punishment in each case assessed at four years in the penitentiary, at hard labor.

*J. P. Bell*, for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J.   The appellants in these cases were separately indicted, tried, and convicted in the District Court, for the theft of a beef steer, averred to be the property of one C. J. Habermacher; and after motions for new trial were overruled, each party has appealed to this court.   The two cases appear to be but different parts of one transaction, involving separately the participation of each of the appellants.   The nature and result of the two cases and the questions presented in the court below are so similar, that the determining of one will dispose of the other, so far as these appeals are concerned.

It is proposed to consider but one question, which arises in both cases, and embraces substantially the same features, namely, the refusal of the court below to grant to each defendant a continuance.

The grounds of the applications are in substance the same, to wit, the inability to go safely to trial on account of several absent witnesses, — giving their names and places of residence, the diligence used to procure their attendance, and what it is expected to prove by them, with the other formal parts of an affidavit for a first continuance.   The most material difference is, that in Prior's case the diligence set out is not so full and satisfactory as in the other, and

that in Prior's case a counter-affidavit is made in opposition to the application to continue.

We are of opinion that the grounds set out in the application were sufficient as a first application, under the circumstances surrounding these parties at the time. The refusal to continue was excepted to, and the ruling in each case saved by a bill of exceptions, and also entered into the motion for a new trial. When a defendant seeks a continuance of a criminal case on account of the absence of witnesses, the law requires that, to entitle him to it, he must do certain things. These requirements are set out in article 581 of the Code of Criminal Procedure (Pasc. Dig., art. 2487). It has frequently been held that when the requirements of the law have been complied with, a first application should be granted as a matter of right. *Swofford* v. *The State*, 3 Texas Ct. App. 76, and cases there cited.

We deem it only necessary to say, in response to the suggestion of the assistant attorney-general that the attachments for the defendant's witnesses are not shown to have been based upon proper affidavits, that the attachments having issued, we must presume, in the absence of any thing appearing in the record to the contrary, that the clerk acted upon proper authority in issuing them; and that, in the present state of the record (if, indeed, in any case), we would not feel warranted in inquiring into the proceedings behind the attachments.

Because of error in refusing the application for a continuance, the judgment in each of these cases is reversed, and these cases are remanded.

*Reversed and remanded.*